gUNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO R. LOZANO, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-10081-NMG |
| ) | |
| PILAR SANCHEZ & HOMEOWNERS ) | |
| ASSISTANCE PROGRAM, ) | |
| ) | |
| Appellees. ) | |

gUNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ORDER ON APPELLEES' JOINT MOTION FOR EMERGENCY DETERMINATION
REGARDING FED R. BANK. PROC. 8008(c)
(Dkt. No. 29)

ROBERTSON, U.S.M.J.

Appellees Pilar Sanchez and Homeowners Assistance Program seek immediate remand to the United States Bankruptcy Court under Fed. R. Bankr. P. 8008(c) after Bankruptcy Court Judge Janet E. Bostwick issued an indicative ruling under Fed. R. Bankr. P. 8008(a) (Dkt. No. 29). The motion has been referred to this court (Dkt. No. 30). For the following reasons, Appellees' motion for an emergency determination is GRANTED.

I. BACKGROUND

Appellant Mario R. Lozano, who is the debtor under Chapter 7 of the United States Bankruptcy Code, owns the property at 52-54 Bicknell Street, Dorchester, Massachusetts. On January 11, 2019, he entered into a purchase and sale agreement ("Agreement") with Appellee Sanchez for the sale of the property. Appellees Sanchez and Homeowners Assistance Program, Appellant's real estate broker, sued Appellant and the Chapter 7 Trustee for specific performance of the real estate contract when Appellant prevented Sanchez from closing on the sale. On December 29, 2022, after trial, Judge Bostwick granted Appellees' request for specific

performance. The judgment modified the Agreement by extending to February 27, 2023 the financing contingency deadline for Sanchez to terminate the Agreement and ordering the sale of the property to occur no later than March 29, 2023, or on a date mutually agreed upon by the Trustee and Sanchez ("Deadlines") (Dkt. No. 1).

On January 12, 2023 Appellant, who is proceeding *pro se,* filed a notice of appeal in the United States District Court for the District of Massachusetts (Dkt. No. 1). On January 24, 2023, Appellees sought emergency or expedited relief in the Bankruptcy Court pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Bankr. P. 8008. Because the Deadlines established by the judgement were approaching, Appellees asked Judge Bostwick to alter or amend the judgement by suspending the Deadlines (Dkt. No. 21 at 5-9).

Judge Bostwick held a hearing on Appellees' Rule 8008 motion on February 14, 2023. On February 15, 2023, she indicated that, if the matter was remanded, she would clarify the Trustee's ability to agree to the extensions of Deadlines, including the February 27, 2023 deadline, by adding the following paragraph to the judgment:

> In addition to the obligations of the seller under the Agreement, the Trustee is authorized to exercise any rights of the seller under the Agreement. The Trustee and . . . Sanchez may agree to further extensions of the financing contingency deadlines set forth in Paragraph 26 of the Agreement beyond February 27, 2023. The Trustee may also take any other actions he determines reasonable or necessary to effectuate the Agreement and sale of the [p]roperty.

(Dkt. No. 28 at 17-18). Appellees notified the District Court clerk of the indicative ruling (Dkt. No. 28) and seek remand to the Bankruptcy Court for further proceedings under Fed. R. Bankr. P. 8008(c) (Dkt. No. 29).

II.   ANALYSIS

The filing of a notice of appeal from a decision of the Bankruptcy Court divests that court of jurisdiction. *See In re López Cancel,* CASE NO. 15-07161 BKT, 2018 WL 2228172, at *1

2

(Bankr. D.P.R. May 15, 2018), *on reconsideration,* CASE NO. 15-07161 BKT, 2018 WL 6422651 (Bankr. D.P.R. Dec. 4, 2018), *aff'd sub nom. López Cancel*, BAP NO. PR 19-001, 2020 WL 278395 (B.A.P. 1st Cir. Jan. 15, 2020), *aff'd sub nom. In re Cancel*, 2021 WL 3447639, 7 F.4th 23 (1st Cir. 2021) ("a bankruptcy judge does not have concurrent jurisdiction with the district court . . . over the subject matter of an appeal."); *In re Crane Rental Co., Inc.*, No. 05-43338-JBR, 2006 WL 771716, at *1 (Bankr. D. Mass. Mar. 27, 2006) ("'The rule is well established that the taking of an appeal transfers jurisdiction from the Bankruptcy Court to the Appellate Court with regard to matters involved in the appeal and divest[s] the Bankruptcy Court of jurisdiction to proceed further with such matters.'") (citation omitted)). However, Fed. R. Bankr. P. 8008 authorizes the Bankruptcy Court to provide relief pending appeal by making an indicative ruling. *See* Fed. R. Bank. P. 8008. "Rule 8008 'provides a procedure for the issuance of an indicative ruling when a bankruptcy court determines that, because of a pending appeal, the court lacks jurisdiction to grant a request for relief that the court concludes is meritorious or raises a substantial issue.'" *In re Lopez Cancel,* 2018 WL 2228172, at *2 (quoting Fed. R. Bankr. P. 8008 advisory committee's note to 2014 Amendment).

Judge Bostwick stated that, upon remand, she would grant so much of Appellees' motion to alter or amend the judgment by adding the paragraph that addresses the Trustee's authority to extend the Deadlines. *See* Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 8008(a). Appellees complied with the rule by promptly notifying this court of Judge Bostwick's indicative ruling. *See* Fed. R. Bankr. P. 8008(b).

On February 22, 2023, Appellant filed an opposition to Appellees' emergency motion (Dkt. No. 32), premised on Appellant's contentions that the bankruptcy judge and appellees' attorney have engaged in misconduct aimed at depriving Appellant of his property (Dkt. No. 32

3

at 2, ¶¶ 6, 10).  A party's accusation of bias or favoritism based on the contents of a decision, such as the decision rendered by the bankruptcy judge in the adversary proceeding, generally will not support a challenge to judicial action.  *Cf. Liteky v. United States*, 510 U.S. 540, 555 (1994) (discussing standards for judicial recusal and observing that adverse judicial rulings will very rarely provide a basis for recusal).  Essentially, Appellant objects to remand to the bankruptcy judge for entry of an order pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Bankr. P. 8008(a) on the ground that he has been critical of the bankruptcy judge's opinion and accused her of bias and dishonesty.  A litigant cannot cast aspersions on a judge because of the judge's decision, then demand that the judge take no further action in the case because of that untested criticism.  *In re Bulger*, 710 F.3d 42, 46-47 (1st Cir. 2013).  Appellant's opposition to appellees' emergency motion is unpersuasive.

Accordingly, the court remands the matter to the Bankruptcy Court, but retains jurisdiction.  *See* Fed. R. Bankr. P. 8008(c).

### III.   CONCLUSION

For the above-stated reasons, Appellees' Joint Motion for Emergency Determination Regarding Fed. R. Bankr. P. 8008(c) (Dkt. No. 29) is ALLOWED.  The case is remanded to the Bankruptcy Court for further proceedings under Rule 8008, but this court retains jurisdiction over the case.  The parties shall promptly notify the clerk of this court when the Bankruptcy Court has decided the motion on remand.  *See* Fed. R. Bankr. P. 8008(c).

It is so ordered.

Date:  February 27, 2023                                  /s/ Katherine A. Robertson
                                                          KATHERINE A. ROBERTSON
                                                          United States Magistrate Judge